**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                  CASE NO: 3:12-cr-131-J-32JBT

GAVIN HARRILL

## O R D E R

In this marijuana conspiracy case, Defendant served the Colorado Department of Public Health and Environment with a subpoena duces tecum seeking the State of Colorado Medical Marijuana Registry Records of Defendant and alleged co-conspirators Ronald Lira and Saad Vasquez. (Doc. 315 at 6-7). Colorado moved to quash the subpoena. (Doc. 315). The government subsequently issued an identical subpoena, (Doc. 333-1), which Colorado has also moved to quash (Doc. 333). Colorado believes that the subpoenas are per se unreasonable because it is a violation of Colorado law to provide access to registry records to anyone other than authorized employees of the state health agency or authorized employees of state or local law enforcement agencies. (Doc. 315; Doc. 333).[1]

The government (Doc. 335) and Defendant (Doc. 337) have responded to Colorado's motions to quash. The Court heard oral argument on July 28, 2014, and

---

[1] While state and local law enforcement agencies can receive access to the registry, they can only do so after stopping or arresting a person who claims to be engaged in the medical use of marijuana, for the purpose of verifying that the individual who has presented a registry identification card is in lawful possession of the card. Colo. Const. art. XVIII, §14(3).

the transcript of that proceeding is incorporated herein. Subsequently, the parties attempted to resolve the matter without Court intervention, but informed the Court that they were unable to do so. (Doc. 339). The subpoenas are moot as to Defendant's request for his own records, which Colorado has provided to him, and as to Vasquez's records, which will be given to both parties because Vasquez has signed a release (Doc. 339 at 1). Thus, only the government's request to see Defendant's records and both parties' requests to access Lira's records remain at issue.

A party seeking to enforce a subpoena must demonstrate that the evidence to be gained is relevant, admissible, and specific. United States v. Nixon, 418 U.S. 683, 700 (1974). To do so, the requesting party must be able to set forth the generally anticipated contents of the requested documents and identify the basis for believing the documents are relevant. United States v. Blake, 13-80054-CR, 2014 WL 1764679, at *4 (S.D. Fla. Mar. 25, 2014). A court may quash a subpoena if compliance would be unreasonable or oppressive. FED. R. CRIM. P. 17(c)(2).

Under the Supremacy Clause of the federal Constitution, where federal law mandates an action, a state law barring that action is void, and any state prosecution resulting from that action is barred. See Mem'l Hosp. for McHenry Cnty. v. Shadur, 664 F.2d 1058, 1063-64 (7th Cir. 1981) (finding that a hospital's compliance with a federal discovery order would not subject the hospital to criminal liability under a state law because the state law was rendered void by the Supremacy Clause); In re Grand Jury Subpoena, 198 F. Supp. 2d 1113, 1117 (D. Alaska 2002) (finding that a state prosecution based on violation of a state law that proscribes the release of

evidence which was relevant to a federal criminal investigation would be barred). In United States v. Silverman, 745 F.2d 1386 (11th Cir. 1984), a criminal defendant moved to quash a subpoena duces tecum for complaints made against him with the Florida Bar on grounds that the complaints were confidential under Florida Bar rules. Silverman, 745 F.2d at 1398. The Eleventh Circuit affirmed the denial of the motion to quash because, even if the complaints were privileged under state law and therefore unavailable for any purpose in state civil or criminal proceedings, the federal district court was bound to follow federal rules, which did not recognize the state privilege. Id. As applicable here, Colorado's prohibition on releasing the registry records is void where it conflicts with federal law; moreover this Court is not bound by any Colorado state privilege regarding the records. Thus, the subpoenas are not per se unreasonable.

While a federal court therefore may enforce a subpoena even in contravention of state law, it should not do so in all circumstances. In fact, a Washington district court granted a motion to quash a federal grand jury subpoena for Oregon marijuana records, similar to the records in the instant case, because the government failed to demonstrate that the records were sufficiently relevant and necessary to trump the state's interest in protecting the confidentiality of medical records. In re Grand Jury Subpoena for THCF Med. Clinic Records, 504 F. Supp. 2d 1085, 1091 (E.D. Wash. 2007).

Defendant asserts that Lira's records are potentially relevant to whether Lira represented that he had a registry identification card permitting him to possess

3

marijuana in Colorado under Colorado law. This may help prove whether Defendant believed Lira to be a lawful purchaser of medical marijuana under Colorado law, which, Defendant argues, could help him negate the mens rea element of the federal charge of conspiracy to distribute marijuana. The government did not elaborate on the relevance of the requested documents and conceded that the only potentially relevant information they contain is whether the individuals were registry participants at the time of the events in question. The government's position is essentially that it wants to have access to whatever records Defendant receives.

The Court takes seriously Colorado's claim that the requested records are protected under Colorado law. Moreover, the Court is underwhelmed by the parties' showing of potential relevance. Nevertheless, the Court wants to guard Defendant's right to a fair trial and the government's right to access relevant information. Therefore, to ensure an appropriate ruling, it is hereby

**ORDERED:**

The Colorado Department of Public Health and Environment must provide for in camera inspection, no later than **August 20, 2014**, the applications of Gavin Harrill and Ronald Lira, if any, for registry identification cards, records of when they held such cards, and, if available, copies of the cards themselves. Colorado is not required to produce any primary medical records or other supporting documentation. After performing in camera review and discerning the relevance of the records, the Court will rule on what records, if any, Colorado must provide in response to the subpoenas.[2]

---

[2] Colorado should e-mail the records to chambers at


**DONE AND ORDERED** in Jacksonville, Florida this 13th day of August, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:

Jay Carl Taylor, AUSA
Lisa Call, Esquire
Brian Morrow, Esquire
Defendant

---

chambers_flmd_corrigan@flmd.uscourts.gov so that the records can be docketed under seal.