**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.   CASE NO: 3:12-cr-131-J-32JBT

GAVIN HARRILL

## O R D E R

In this marijuana conspiracy case, the government filed a motion in limine seeking to exclude evidence: (1) of the defendant's ignorance of federal laws regarding marijuana; (2) of policies or statements regarding marijuana laws made by any state or federal official; (3) of the medicinal value or medical characteristics of marijuana; (4) that marijuana should not be classified as a Schedule I offense; (5) of Colorado medical marijuana laws and the defendant's compliance with those laws; (6) that Defendant was a practitioner licensed, registered, or otherwise permitted to distribute or dispense marijuana; and (7) that marijuana should be legalized. (Doc. 349). The government filed a second motion in limine seeking to exclude all documents obtained by the defense from the Colorado Department of Health relating to alleged co-conspirators Saad Vasquez and Ronald Lira and asking leave to file those documents under seal. (Doc. 350). Defendant responded in opposition to both motions. (Doc. 356). The Court heard oral argument on the motions (Doc. 357), at which time it instructed the government to file the Colorado Department of Health documents under seal, which the government did (Doc. 358).

The Court finds irrelevant, and therefore excludes, evidence of or reference to policies or public statements regarding marijuana laws made by any state or federal official, evidence of the medicinal value or medical characteristics of marijuana, and any evidence or testimony that marijuana should not be classified as a Schedule I offense or should be legalized.

However, a Defendant's subjective belief about the legality of his actions can be relevant with respect to the offense charged here, a conspiracy under 21 U.S.C. § 846. United States v. Tobin, 676 F.3d 1264, 1285 (11th Cir. 2012). Accordingly, the Court cannot make a blanket ruling as to the admissibility of the remaining categories of evidence: Defendant's ignorance of federal laws regarding marijuana, Colorado medical marijuana laws and Defendant's compliance with those laws, evidence that Defendant was a practitioner licensed, registered, or otherwise permitted to distribute or dispense marijuana, and documents the defense received from the Colorado Department of Health regarding Lira and Vasquez. At trial, the government may raise these objections anew with respect to specific evidence. The parties should receive advance permission from the Court before seeking to introduce or reference any of the Colorado Department of Health records.

Accordingly, it is hereby

**ORDERED:**

The government's Motions <u>in</u> <u>Limine</u> (Doc. 349, 350) are **GRANTED in part and DENIED without prejudice in part** as detailed above.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of November, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:

Jay Carl Taylor, AUSA
Lisa Call, Esquire
Defendant